UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KELLY M. LUMADUE,**

    **Petitioner,**

v.                                                  Case No: 6:16-cv-1574-Orl-37TBS

**SECRETARY, DEPARTMENT OF**
**CORRECTIONS and ATTORNEY**
**GENERAL, STATE OF FLORIDA,**

    **Respondents.**
_____/

## ORDER

This case is before the Court on Petitioner Kelly M. Lumadue's Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed pursuant to 28 U.S.C. § 2254. Respondents filed a Response to the Petition ("Response to Petition," Doc. 6) in compliance with this Court's instructions. Petitioner filed a Reply to the Response to the Petition ("Reply," Doc. 9).

Petitioner asserts fifteen grounds for relief in the Petition. For the following reasons, the Petition is denied as untimely.

### I.     PROCEDURAL HISTORY

Petitioner was charged with two counts of sexual battery of a victim less than twelve years of age (Counts One and Two). (Doc. 7-1 at 5-6.) A jury found Petitioner guilty as charged. (*Id.* at 11-12.) The state court sentenced Petitioner to concurrent terms of life in prison. (*Id.* at 18.) Petitioner appealed her convictions. On December 28, 2010, the Fifth District Court of Appeal of Florida ("Fifth DCA") affirmed *per curiam*. (*Id.* at 132.) Mandate issued on January 19, 2011. (*Id.* at 134.)

On January 11, 2013, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure.¹ (*Id.* at 136-66.) The state court denied some of Petitioner's claims and ordered an evidentiary hearing on one claim. (Doc. 7-2 at 2-9, 11.) The state court denied the remaining claim after the hearing. (*Id.* at 13-16.) Petitioner appealed, and the Fifth DCA affirmed *per curiam*. (*Id.* at 82.) Mandate issued on May 29, 2015. (*Id.* at 88).

Petitioner filed a state petition for writ of habeas corpus on April 28, 2016. (*Id.* at 90-96.) The Fifth DCA dismissed the petition on May 4, 2016. (*Id.* at 98).

Petitioner filed the Petition on September 6, 2016. (Doc. 1).

## II. ANALYSIS

Pursuant to 28 U.S.C. § 2244:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws

---

¹ This is the filing date under Florida law. *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[H]enceforth we will presume that a legal document submitted by an inmate is timely filed if contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date. . . . This presumption will shift the burden to the state to prove that the document was not timely placed in prison officials' hands for mailing."); *see also Crews v. Malara*, 123 So. 3d 144, 146 (Fla. 1st DCA 2013) (holding that the prison date stamp on the prisoner's petition rebutted presumption that it was delivered on the date contained on the certificate of service).

> of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d)(1)-(2).

In the present case, the Fifth DCA affirmed Petitioner's conviction on December 28, 2010. Petitioner then had ninety days, or through March 28, 2011, to petition the Supreme Court of the United States for a writ of certiorari. *See* Sup. Ct. R. 13.[2] Thus, under § 2244(d)(1)(A), the judgment of conviction became final on March 28, 2011, and Petitioner had through March 29, 2012, absent any tolling, to file a federal habeas corpus

---

[2]Rule 13 provides as follows:

> The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13(3).

petition. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the one-year period of limitation does not begin to run until the ninety-day period for filing a petition for certiorari with the Supreme Court of the United States has expired).

Under § 2244(d)(2), the limitations period tolls during the pendency of "properly filed" state collateral proceedings. However, Petitioner did not file any state collateral proceedings before the limitations period expired. Therefore, the tolling provision of § 2244(d)(2) does not apply to Petitioner's state collateral proceedings. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Consequently, the Petition filed on September 6, 2016, was not timely filed under § 2244(d)(1)(A).

In the Reply, Petitioner contends she is entitled to equitable tolling. (Doc. 9 at 1-2.) In support of her contention, she asserts that appellate counsel failed to notify her that her direct appeal was final and she did not discover it until November 28, 2012. (*Id*. at 2.) Petitioner further summarily notes that she had difficulties with the prison law library and was hindered by prison law clerks "from filing her petition until April 28, 2016." (*Id*.)

The Supreme Court of the United States has held that the AEDPA's one-year statutory limitation period set forth in "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is appropriate when a petitioner demonstrates: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)). "The

diligence required for equitable tolling purposes is 'reasonable diligence,'. . . 'not maximum feasible diligence. . . .'" *Id.* at 653 (internal quotations and citations omitted). A petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). "[T]he reasonable diligence and extraordinary circumstance requirements are not blended factors; they are separate elements, both of which must be met before there can be any equitable tolling." *Cadet v. Fla, Dep't of Corr.*, 853 F.3d 1216, 1225 (11th Cir. 2017) (citing *Menominee Indian Tribe of Wisc. v. United States*, 577 U.S. __, 136 S. Ct. 750, 757 n.5 (2016)).

"[A]ttorney negligence, even gross or egregious negligence, does not by itself qualify as an 'extraordinary circumstance' for purposes of equitable tolling; either abandonment of the attorney-client relationship, such as may have occurred in *Holland*, *or* some other professional misconduct *or* some other extraordinary circumstance is required." *Id.* at 1227 (emphasis in original). "'[B]ad faith, dishonesty, divided loyalty, [and] mental impairment' . . . may . . . serve as extraordinary circumstances that support a claim to equitable tolling." *Thomas v. Att'y Gen., Fla.*, 795 F.3d 1286, 1292 (11th Cir. 2015) (quoting *Holland v. Florida*, 539 F.3d 1334, 1339 (11th Cir. 2008), *rev'd on other grounds*, *Holland*, 560 U.S. 631). In addition, "[a]ffirmative misrepresentations by counsel about the filing of a state habeas petition can constitute extraordinary circumstances that warrant equitable tolling." *Roper v. Dep't of Corr.*, 434 F. App'x 786, 790 (11th Cir. 2011).

As explained by the Eleventh Circuit:

> It is well settled that "[t]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin,* 633 F.3d at 1268. A petitioner "must plead or proffer enough facts that, if true, would justify an evidentiary hearing on the issue." *Hutchinson v. Florida,* 677 F.3d 1097, 1099 (11th Cir. 2012). "And the allegations supporting equitable tolling must be specific and not conclusory." *Id.* In light of the petitioner's burden, district courts are not "required to mine the record, prospecting for facts that the habeas petitioner overlooked and could have, but did not, bring to the surface." *Chavez,* 647 F.3d at 1061.

*Lugo v. Sec'y, Fl. Dep't of Corr.*, 750 F.3d 1198 (11th Cir. 2014).

Petitioner has not pled sufficient facts demonstrating that an extraordinary circumstance prevented her from timely filing her petition or that she exercised due diligence. Petitioner summarily states appellate counsel failed to timely notify her that her direct appeal was final. (Doc. 9 at 2). Petitioner raised this as ground six in the Petition. (Doc. 1 at 16.)

Petitioner has not asserted any facts that demonstrate appellate counsel acted in bad faith, was dishonest, had a divided loyalty, suffered from a mental impairment, or misrepresented that he or she had filed something in the state court. In addition, Petitioner has not argued that appellate counsel abandoned the attorney-client relationship. Nevertheless, assuming appellate counsel's failure to timely notify Petitioner that the Fifth DCA had affirmed her conviction may constitute abandonment, Petitioner has not established she acted with due diligence in pursuing her rights.

Petitioner's direct appeal was filed in approximately October 2008. The Fifth DCA affirmed Petitioner's conviction on December 28, 2010, but Petitioner did not discover her conviction was affirmed until November 28, 2012. "'A *lengthy* delay between the issuance

of a necessary order and an inmate's receipt of it might provide a basis for equitable tolling *if the petitioner has diligently attempted to ascertain the status of that order and if the delay prevented the inmate from filing a timely federal habeas corpus petition.*'" *San Martin*, 633 F.3d at 1269–70 (emphases in original) (quoting *Drew v. Dep't of Corrections*, 297 F.3d 1278, 1288 (11th Cir. 2002)). Petitioner has not asserted what steps she took, if any, during the approximate four-year period between the filing of her appeal and her discovery that her conviction had been affirmed to discover the status of her appeal. There is no indication that Petitioner contacted her attorney or the state court regarding her appeal, and if so, when or how many times. *See, e.g., Pollock v. Sec'y, De''t of Corr.*, 664 F. App'x 770, 773 (11th Cir. 2016) (affirming district court's finding that the petitioner failed to show due diligence where he made a single inquiry seventeen months after he filed his appeal brief to inquire about the status of his appeal). Therefore, Petitioner has not demonstrated she acted with due diligence.

With reasonable diligence, Petitioner could have discovered that her conviction had been affirmed by no later than March 28, 2011, ninety days after the Fifth DCA affirmed her conviction. In other words, a reasonably diligent person would have sought to learn the status of her appeal if she had not received information concerning the appeal after it had been pending for more than two years. Had Petitioner acted with due diligence in ascertaining the status of her appeal, she could have timely filed her petition or a state collateral proceeding to toll the limitations period by March 29, 2012.[3]

---

[3] Even if Petitioner was entitled to equitable tolling through November 28, 2012, a finding not made by the Court, the Petition is still untimely. Petitioner filed her Rule 3.850

Likewise, Petitioner's summary allegations regarding the incompetence of a prison law clerk and her "extreme difficulties" with the prison law library simply do not rise to the level of extraordinary circumstances beyond her control which warrant equitable tolling of the one-year limitations period. *See, e.g., Miller v. Florida,* 307 F. App'x 366, 368 (11th Cir. 2009); *Paulcin v. McDonough,* 259 F. App'x 211, 213 (11th Cir. 2007) ("Paulcin asserted only the conclusory allegation that he was denied access to the [law] library and his records, but failed to allege how his inability to obtain legal materials thwarted his efforts to file a timely federal proceeding."); *Dodd v. United States,* 365 F.3d 1273, 1282-83 (11th Cir. 2004) (stating "lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate."); *Akins v. United States*, 204 F.3d 1086 (11th Cir. 2000) (one-year limitations period is not equitably tolled based on prison lockdowns or misplacement of legal papers). Other than cursorily alleging that a prison law clerk was incompetent and that she had difficulties with the law library, Petitioner has not explained how these circumstances prevented her from timely filing her petition or shown she exercised due diligence. Accordingly, the Petition filed on September 6, 2016, is untimely.[4]

---

motion on January 11, 2013, forty-four days after she learned her conviction was affirmed. The time would have then tolled through May 29, 2015, when mandate issued in her Rule 3.850 proceeding. At that time, 321 (365 – 44 = 321) days of the limitations period would have remained to timely file the Petition, or through April 14, 2016. Thus, the Petition filed on September 6, 2016, was not timely even with equitable tolling.

[4] The Court notes that prior to filing the instant action, Petitioner filed two federal habeas petitions on approximately May 2, 2016, and July 8, 2016, that were dismissed without prejudice. *See* Case Nos. 6:16-cv-801-Orl-41TBS and 6:16-cv-1274-Orl-40TBS. However, the prior petitions were filed after the limitations period expired, even with equitable tolling. Furthermore, prior federal habeas petition do not toll the one-year

Any of Petitioner's allegations that attempt to excuse her failure to file a petition within the one-year period of limitation that are not specifically addressed herein are without merit.

### III. CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner

---

period. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that § 2244(d)(2) does not toll the limitations period during the pendency of a prior federal habeas corpus petition).

cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

Accordingly, it is hereby **ORDERED** and **ADJUDGED:**

1. The Petition (Doc. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.
2. Petitioner is **DENIED** a Certificate of Appealability.
3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on September 26th , 2017.

ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties